RECEIVED
MAR 1 8 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ADRIENNE M. JETT | CIVIL ACTION NO. 13-3011 |
| VERSUS | JUDGE TRIMBLE |
| STONEBRIDGE LIFE INS. CO. | MAGISTRATE JUDGE KIRK |

### MEMORANDUM RULING AND ORDER

Before the court is defendant Stonebridge Life Insurance Company's appeal of the magistrate judge's recent grant of plaintiff's motion for remand in the above-captioned case.[1] Defendant Stonebridge asserts that the magistrate judge's grant of remand in this case constitutes clear error and should be vacated by the court and, additionally, that this suit should be joined with two other identical suits for all further proceedings.

Plaintiff is one of three (3) surviving daughters of Linda T. Jett, who perished in an automobile accident in Rapides Parish, State of Louisiana on May 7, 2013.[2] The deceased was the named insured under an accidental death and dismemberment insurance policy (hereinafter "the policy") issued by Stonebridge under certificate number 74A01C7569.[3] The policy names, as beneficiaries, any living spouse; otherwise, it instructs that proceeds are to be distributed equally to Ms. Jett's living children.[4] Ms. Jett died unmarried, resulting in her three

---

[1] R. 22.
[2] R. 1-1 at ¶3.
[3] Id.
[4] R. 8 at p. 14 of 20.

1

(3) daughters being the beneficiaries of any policy proceeds.[5] Each of Ms. Jett's children filed claims for benefits under the policy.[6]

Stonebridge has refused coverage in this matter, based on its position that the particular circumstances of Ms. Jett's death, involving prescribed medications, does not fit the policy's definition of "Injury" due to an exclusion for medical treatment.[7] Plaintiff and her two (2) sisters each filed separate suits against Stonebridge in Alexandria City Court on or about September 26, 2013, seeking declaratory judgment that the medical treatment exclusion does not apply in this case, as well as a money judgment "in an amount to be determined by the court together with all legal interest from the date of judicial demand[,]" and all costs of the proceedings.[8]

Stonebridge timely removed each of the three (3) suits by Ms. Jett's surviving children to this court on the basis of diversity jurisdiction under 28 U.S.C. §1332.[9] Plaintiff subsequently filed a motion to remand, which was referred to the magistrate judge pursuant to the court's Standing Order Concerning Magistrate Judge Referrals and 28 U.S.C. § 636.[10] The magistrate judge granted plaintiff's motion in a ruling issued January 16, 2014, but stayed remand pending appeal by any party to the undersigned.[11] Stonebridge timely appealed the magistrate judge's grant of remand and the appeal, having been fully briefed by the parties, is now properly before the undersigned for review.

---

[5] Id. at p. 3 of 20.
[6] Id. at pp. 3-4 of 20.
[7] R. 1-1 at ¶¶7-9; R. 8 at pp. 1-3 of 20.
[8] R. 1-1 at p. 1 and ¶¶12-13, 14.
[9] R. 1 at p.
[10] SO 3.211 available at www.lawd.uscourts.gov/judge-specific-orders.
[11] R. 19.

2

In considering a motion to remand, the court looks only to "the complaint at the time the petition for removal was filed."[12] As explained above, plaintiff's complaint seeks declaratory judgment stating that the medical treatment exclusion relied upon by Stonebridge does not apply based on the facts of this case, as well as unspecified monetary relief under the policy by virtue of plaintiff's status as a beneficiary. While the plaintiff's suit clearly seeks two types of relief – declaratory and monetary – it is also clear that there can be no award of monetary relief in this case without prior adjudication of the declaratory judgment claim. In other words, plaintiff's right of recovery, no matter what monetary value it may have, depends on the outcome of her declaratory relief claim.

In a declaratory relief action, the amount in controversy is the value of the object of the litigation or the value of the right to be protected or the extent of the injury to be prevented.[13] The policy at issue in this case carries a death benefit of $200,000.00, making the value of the right to be protected $200,000.00 since a declaratory judgment that the medical treatment exclusion applies would prohibit recovery of the death benefit.

Given the value of the declaratory relief sought in this matter, it is clear that remand to Alexandria City Court would be futile, since that court bears a jurisdictional limit of $50,000.00.[14] Moreover, although it is generally true that a plaintiff may sue for an amount less

---

[12] Avitts v. Amoco Production Co., 111 F.3d 30, 32 (5th Cir. 1997) quoting Miranti v. Lee, 3 F.3d 925, 929 (5th Cir. 1993).
[13] Farkas v. GMAC Mortgage, LLC, 737 F.3d 338, 341 (5th Cir. 2013) (internal citations omitted).
[14] La. C.C.P. Arts. 1732(1), 4843. We note that, even taking into account plaintiff's after-complaint statements limiting their monetary demand to approximately $66,000.00, remand to Alexandria City Court would be futile as the amount in controversy still exceeds that court's jurisdictional limits.

than the federal jurisdictional threshold in order to avoid trying her case in federal court, a complaint artfully pled in bad faith will not stave off removal.[15]

The court finds that the reliance of the magistrate judge on the potential individuated portions of the death benefit payable to the three (3) beneficiaries was in error, given that no such limitation is certain and any recovery by any beneficiary depends wholly on the application of the medical treatment exclusion to the policy as a whole. We also agree with defendant's observation that plaintiff's complaint does not specifically seek relief in any dollar amount. We find that defendant Stonebridge has shown by a preponderance of the evidence that plaintiff's complaint implicates an amount in controversy exceeding this court's diversity jurisdiction threshold, supporting Stonebridge's motion for removal.

The court has, this day, also granted Stonebridge's motion to compel joinder of the instant plaintiff and plaintiff Sheena R.J. White (Civil Action No. 13-3009) for reasons expressed in the memorandum ruling and order issued in <u>Hunt v. Stonebridge</u>, Civil Action No. 13-3007.

For the foregoing reasons, it is hereby

**ORDERED** that defendant's appeal[16] of the magistrate judge's grant of remand is **GRANTED** and, accordingly, the order of remand entered by the magistrate judge in this matter[17] is **VACATED** and plaintiff's motion for remand is **DENIED**. It is further

**ORDERED** that plaintiff Adrienne M. Jett shall join in Civil Action No. 13-3007 as a co-plaintiff within **fifteen (15) days** of the date of issuance of this memorandum ruling and order, at which time the court will dismiss the instant action, noting the advancement of plaintiff's

---

[15] <u>De Aguilar v. Boeing Co.</u>, 47 F.3d 1404, 1410 (5th Cir. 1995).
[16] R. 22.
[17] R. 21.

4

claims under the aggregate action. Accordingly, Stonebridge's motion to stay or dismiss is GRANTED.[18]

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 18th day of March, 2014.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[18] R. 13.